# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UbiComm, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>Bulbs.com Incorporated,<br><br>    Defendant. | Civil Action No.  1:13-cv-00872-RGA |

## DEFENDANT'S MOTION TO DISMISS

Defendant, Bulbs.com, Inc. ("Bulbs.com"), by and through its undersigned counsel, hereby moves this Court to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the patent-in-suit fails to claim any patent-eligible subject matter under 35 U.S.C. § 101.

## BACKGROUND AND ARGUMENT

On May 17, 2013, Plaintiff UbiComm, LLC ("UbiComm") filed a complaint for patent infringement against Bulbs.com alleging that the Bulbs.com website infringes one or more claims of United States Patent No. 5,603,054 (the "'054 Patent"), contending that "[t]he '054 Patent covers a method of triggering a selected machine event in a system including a multiplicity of computer controlled machines and a multiplicity of users.  One such machine event includes sending reminder emails to online shoppers who place items in their online shopping carts and then delay purchasing items in their online shopping carts."[1] (D.I. 1 at ¶ 10.) In *UbiComm, LLC v. Zappos IP, Inc.*, Case No. 1:13-cv-01029-RGA, a related case also pending

---

[1] Pursuant to this Court's Order granting UbiComm's stipulated motion to extend, Bulbs.com's answer, motion, or other response to UbiComm's Complaint is due on August 28, 2013.

before this Court,[2] UbiComm similarly alleged that the www.zappos.com website infringed one or more claims of the '054 Patent, identically stating, word-for-word, that "[t]he '054 Patent covers a method of triggering a selected machine event in a system including a multiplicity of computer controlled machines and a multiplicity of users.  One such machine event includes sending reminder emails to online shoppers who place items in their online shopping carts and then delay purchasing items in their online shopping carts."  (D.I. 1 at ¶ 11 in Case No. 1:13-cv-01029-RGA.)

On July 31, 2013, Zappos IP, Inc., filed a motion to dismiss under Rule 12(b)(6) because the '054 patent "is drawn to the basic concept of conditional action – completely disembodied from any particular and meaningfully limited application – and therefore fails to recite patent-eligible subject matter under 35 U.S.C. § 101."  (D.I. 9-10 in Case No. 1:13-cv-01029RGA (the "Zappos 12(b)(6) Motion to Dismiss").)  As a matter of judicial economy, Bulbs.com herein incorporates by reference the Zappos 12(b)(6) Motion to Dismiss.  For the reasons articulated in the Zappos 12(b)(6) Motion to Dismiss, where the same plaintiff asserted the same patent-in-suit that plainly fails to claim patent-eligible subject matter under 35 U.S.C. § 101, UbiComm's complaint against Bulbs.com should likewise be dismissed with prejudice.  *See generally, id.*; *see, e.g.*, *buySAFE, Inc. v. Google, Inc.*, No. 11-1282-LPS, slip op. at 6 (D. Del. Jul. 29, 2013); *see also*, *e.g.*, *Bancorp Servs. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1280 (Fed. Cir. 2012); *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012); *Fort Props., Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1322 (Fed. Cir. 2012); *CyberFone Sys., LLC v. Cellco P'ship*, 885 F. Supp. 2d 710, 719 (D. Del. 2012); *Compression Tech. Solutions LLC v. EMC*

---

[2] This case is among the then-41 related cases pending in this district listed in Zappos' 12(b)(6) Motion to Dismiss at page 3, note 2.  As of the date of this Motion, UbiComm has filed 51 cases in this district asserting the '054 Patent, 48 of which remain pending.

*Corp.*, No C-12-1746 RMW, 2013 WL 2368039 (N.D. Cal. May 29, 2013); *Cardpool, Inc. v. Plastic Jungle, Inc.*, No. 12-04182 WHA, 2013 WL 245026 (N.D. Cal. Jan. 22, 2013); *Sinclair-Allison, Inc. v. Fifth Ave. Physician Servs.*, No. Civ-12-360-M, 2012 WL 6629561 (W.D. Okla. Dec. 19, 2012); *OIP Techs., Inc. v. Amazon.com, Inc.*, No. C-12-1233 EMC, 2012 WL 3985118 (N.D. Cal. Sept. 11, 2012).  There is simply no plausible reading of any claim of the '054 Patent that imposes any meaningful limitation on the abstract idea of conditional action.  *See* the Zappos 12(b)(6) Motion at 19-20 (citing *Ultramercial, Inc. v. Hulu, LLC*, _ F.3d _, 2013 WL 3111303, at *3 (Fed. Cir. 2013)).  Nor is claim construction necessary prior to adjudication of invalidity under § 101, as UbiComm's own characterization of the '054 Patent confirms the claims' manifest breadth: "a method of triggering a selected machine event in a system including a multiplicity of computer controlled machines and a multiplicity of users."  (D.I. 1 at ¶ 10.)

## CONCLUSION

For the foregoing reasons, Bulbs.com respectfully requests that this Court enter an Order substantially in the form filed contemporaneously herewith dismissing UbiComm's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**COUSINS CHIPMAN & BROWN, LLP**

OF COUNSEL:

Adam P. Samansky
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA  02199-7613
617.239.0100

/s/ Joseph B. Cicero
Joseph B. Cicero (No. 4388)
1007 North Orange Street, Suite 1110
Wilmington, DE  19801
Telephone:	(302) 295-0191
Facsimile:	(302) 295-0199
Email:	cicero@ccbllp.com

*Attorneys for Defendant Bulbs.com*

Dated: August 28, 2013